# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON, | Case No. 1:26-cv-02096-JLT-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING REMAND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, FRESNO COUNTY, | (ECF Nos. 1, 2) |
| Defendant. | |

On March 16, 2026, Plaintiff Steven Quinn Singleton, who is proceeding *pro se*, removed this action and applied to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Because the removal statute does not authorize such a removal, the Court will issue findings and recommendations, recommending that this matter be remanded.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes of the Colville Rsrv., 873 F.2d 1221, 1225 (9th Cir. 1989).

Under certain circumstances, a defendant may remove a state court case to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such

action is pending.

28 U.S.C. § 1441(a) (emphasis added).  Significantly, "[n]o language in Section 1441 provides a textual basis for removal by a plaintiff."  Hopkins v. Am. Home Mortg. Servicing, Inc., No. C-1300869 DMR, 2013 WL 1800049, at *2 (N.D. Cal. Apr. 29, 2013).  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

In Plaintiff's latest gambit, he has filed numerous cases in state court and then has removed them to the Eastern District of California.  See, e.g., Singleton v. Jordan, No. 1:26-cv-02019-EPG, ECF No. 1, Notice of Removal (E.D. Cal. Mar. 13, 2026); Singleton v. Valley Strong Credit Union, No. 1:26-cv-02021-JLT-SAB, ECF No. 1, Notice of Removal (E.D. Cal. Mar. 13, 2026); Singleton v. Thompson, No. 1:26-cv-02095-KES-HBK, ECF No. 1, Notice of Removal (E.D. Cal. Mar. 16, 2026); Singleton v. Superior Court of California, Fresno County, No. 1:26-cv-02097-KES-SKO, ECF No. 1, Notice of Removal (E.D. Cal. Mar. 16, 2026); Singleton v. Winter, No. 1:26-cv-02099-JLT-FRS, ECF No. 1, Notice of Removal (E.D. Cal. Mar. 16, 2026).[1]

However, the removal statute authorizes only a civil defendant or defendants to remove a state court action to federal court.[2]  Improperly removed actions must be remanded to state court. See Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986).

Because Plaintiff's removal is procedurally improper, and there does not appear to be any way this could be corrected, the Court is compelled from the outset to recommend remand of this action without wasting further judicial resources.

For clarity, the Court observes that this matter should be remanded to California Superior Court, Merced County, because that is where Plaintiff filed his underlying action (notwithstanding that he sues Superior Court, Fresno County, in the caption).

---

[1] Plaintiff has also concurrently flooded the Court with other cases.  See, e.g., Singleton v. Department of State, No. 1:26-cv-02062-JLT-SKO, ECF No. 1, Complaint (E.D. Cal. Mar. 16, 2026); Singleton v. Environmental Protection Agency, No. 1:26-cv-02061-JLT-FRS, ECF No. 1, Complaint (E.D. Cal. Mar. 16, 2026); Singleton v. Department of Agriculture, No. 1:26-cv-2060-JLT-EPG, ECF No. 1, Complaint (E.D. Cal. Mar. 16, 2026).

[2] The Court advises Plaintiff that the civil removal statute uses the term "defendant" as a civil defendant, not a person who was a defendant in a criminal action.  (See ECF No. 1, p. 2.)

## II.

## ORDER AND RECOMMENDATIONS

IT IS HEREBY RECOMMENDED that this case be remanded to California Superior Court, Merced County.  IT IS FURTHER RECOMMENDED that Plaintiff's application to proceed in forma pauperis be DENIED as MOOT.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **March 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3